NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2924
_____

TRENTON PUBLIC SCHOOL DISTRICT BOARD OF EDUCATION

v.

FOUNDATION ACADEMY CHARTER SCHOOL;
K.C., on behalf of K.C.; A.C., on behalf of K.C.


Keydotta Crawford, on behalf of K.C.;
Aldric Crawford, on behalf of K.C.,
                                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-23-cv-20295)
District Judge: Honorable Georgette Castner
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on May 20, 2024

Before: RESTREPO, FREEMAN, McKEE, *Circuit Judges*

(Opinion filed: July 30, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellants Keydotta and Aldric Crawford ("Parents"), on behalf of K.C., appeal the District Court's grant of the application of Appellee Trenton Public School District Board of Education ("Board") for emergency relief. In granting Appellee's application, the Court vacated and reversed the Order of Emergent Relief of an Administrative Law Judge ("ALJ") and found that, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, student K.C.'s "stay-put" school was Foundation Academy Charter School ("Foundation Academy"), pending an administrative determination as to the Board's due-process petition.[1]

On appeal, Appellants first challenge the District Court's finding that it had jurisdiction over the ALJ's stay-put Order because Appellee was not required to exhaust administrative remedies. Appellants further argue that, even assuming the Court had jurisdiction, the District Court erred in its determination of K.C.'s "then-current educational placement" for purposes of IDEA. For the reasons that follow, we affirm.

---

[1] IDEA's stay-put provision provides in relevant part that, "during the pendency of any proceedings conducted pursuant to this section, . . . the child *shall* remain in the *then-current educational placement of the child* . . . until all such proceedings have been completed." 20 U.S.C. § 1415(j) (emph. added). The purpose of the provision is "to maintain the educational status quo while the parties' dispute is being resolved." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014).

K.C. enrolled at Foundation Academy for his 2021-22 kindergarten school year. He was first classified as a child eligible for special education and related services via an Individualized Educational Plan ("IEP") dated January 30, 2023. The IEP was for one year, from January 30, 2023 to January 30, 2024.

In April 2023, an IEP meeting was held by Foundation Academy to discuss K.C.'s placement. On June 13, 2023, Foundation Academy proposed an IEP Amendment without a Meeting ("proposed IEP Amendment"), that recommended K.C. receive services during the extended school year ("ESY") from July 3, 2023 to July 28, and "propose[d] a placement at Honor Ridge Academy ('Honor Ridge') for the 23/24 School year," A158 (parenthetical added).

On June 20, 2023, Parents filed their first Request for Emergent Relief with the New Jersey Department of Education seeking a declaration that Honor Ridge was K.C.'s then-current educational placement under IDEA. Parents withdrew their filing without prejudice shortly thereafter. On June 26, 2023, the Board filed a Petition for Due Process contending that Foundation Academy was K.C.'s stay-put placement and otherwise challenging the proposed IEP amendment.[3] The Board confirmed at that time with the

---

[2] We have appellate jurisdiction under 28 U.S.C. § 1291.

[3] N.J.S.A. § 18A:36A-11(b) provides in relevant part: "Within 15 days of the signing of the [IEP], a charter school shall provide notice to the resident district of any [IEP] which results in a private day or residential placement. The resident district may challenge the placement within 30 days in accordance with the procedures established by law." Thus, the statute authorizes a resident school district to challenge a charter school's

Department of Education, as well as with Parents and Foundation Academy, that it was invoking the "stay-put" rule and that Foundation Academy was K.C.'s "then-current educational placement" in accordance with IDEA.

On July 7, 2023, Parents re-filed their Request for Emergent Relief.[4] On July 13, 2023, the ALJ issued a written decision and found, among other things, that K.C.'s stay-put placement was Foundation Academy while the Board availed itself of its legal right to challenge the proposed IEP Amendment.

On July 26, 2023, Parents filed another Request for Emergent Relief and Due Process, again asking the ALJ to declare Honor Ridge to be K.C.'s stay-put placement. Two days later, Parents filed a Complaint in the District Court seeking emergency relief in the form of an Order vacating the ALJ's July 13, 2023 Order.

On August 9, 2023, the ALJ issued an Order, this time granting Parents' request and declaring that K.C.'s stay-put placement was Honor Ridge. As a result of the ALJ's August 9 Order, Parents' Complaint in the District Court was rendered moot and was dismissed without prejudice.

---

IEP that proposes to place a student in a private school. Here, in addition to objecting to Parents' request regarding whether Honor Ridge was K.C.'s "stay put" placement, the Board challenged the proposed IEP Amendment on the ground that there was a more appropriate, less-restrictive placement than Honor Ridge that would meet K.C.'s educational needs consistent with N.J.S.A. § 18A:36A-11(b) and N.J.A.C. § 6A:23A-15.4.

[4] Notwithstanding the Board's due process petition and the stay-put notice in June 2023, K.C. attended Honor Ridge's ESY program from July 6, 2023 through July 14, 2023.

The Board then filed its Complaint in the District Court requesting emergency declaratory relief from the ALJ's August 9 stay-put Order. On September 27, 2023, the District Court vacated and reversed the ALJ's Order and found that K.C.'s stay-put placement was Foundation Academy, and Parents filed this appeal.

**II.**

Parents first argue that the District Court lacked jurisdiction because the Board was required to exhaust its administrative remedies prior to bringing this action challenging the ALJ's stay-put Order. We exercise de novo review of this jurisdictional issue. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 810 (3d Cir. 2016).

"In the normal case, exhausting the IDEA's administrative process is required in order for the statute to grant subject matter jurisdiction to the district court." *J.M. v. Summit City Bd. of Educ.*, 39 F.4th 126, 139 (3d Cir. 2022) (quoting *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014) (citation, alteration, and internal quotation marks omitted)). However, exhaustion is not required where it would be "futile or inadequate, where the question presented is purely legal, where the administrative process cannot grant relief, or where exhaustion would work a severe or irreparable harm upon a litigant." *D.M. v. N.J. Dep't of Educ.*, 801 F.3d 205, 212 (3d Cir. 2015).

Here, exhaustion is not required because it would be inadequate to remedy stay-put violations. *See Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002). "[G]iven the time-sensitive nature of the IDEA's stay-put provision, an

5

immediate appeal is necessary to give realistic protection to the claimed right."[5]  *Id.* (internal quotation marks and citation omitted).  Therefore, the District Court had jurisdiction over the Board's challenge to the stay-put Order.

## III.

Parents next argue that the District Court erred in its determination that K.C.'s stay-put placement was Foundation Academy and not Honor Ridge.  Our review of the District Court's stay-put determination is plenary.  *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir. 1996).

"IDEA's 'stay-put rule[]' serves 'in essence, as an automatic preliminary injunction,' . . . reflecting Congress's conclusion that a child with a disability is best served by maintaining her educational status quo until the disagreement over [the] IEP is resolved."  *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 118 (3d Cir. 2014) (quoting *Drinker*, 78 F.3d at 864 (citation omitted)); *see supra* note 1.  "The primary factor in determining a child's current educational placement is the IEP that was 'actually functioning' when the stay-put rule was invoked."  *Hatikvah Int'l Acad. Charter Sch. v. E. Brunswick Twp. Bd. of Educ.*, 10 F.4th 215, 219 (3d Cir. 2021) (quoting *Susquenita Sch. Dist. v. Raelee S. by & through Heidi S.*, 96 F.3d 78, 83 (3d Cir. 1996)).

Here, the Board invoked the stay-put rule in June 2023.  At that time, K.C. was a student at Foundation Academy per the IEP that was in effect from January 2023 through

---

[5] Indeed, following Parents' request for expedited appeal with no intrinsic objection by the Board, this Court ordered an expedited briefing schedule on appeal.

January 2024.  *See Hatikvah Int'l Acad. Charter Sch.*, 10 F.4th at 219.  Indeed, in June 2023, K.C. had never attended Honor Ridge or received any instruction under the proposed IEP Amendment.  Thus, the stay-put provision requires K.C. to remain at Foundation Academy while the dispute over an appropriate IEP is resolved.  *See* 20 U.S.C. § 1415(j).  Accordingly, we affirm.[6]

---

[6] Some of Parents' arguments address the propriety of the proposed IEP Amendment.  Those arguments are misplaced in this appeal.  We express no opinion on the merits of the ongoing challenge to the proposed IEP Amendment.